

1  RANDY S. GROSSMAN
   United States Attorney
2  MELANIE K. PIERSON
   Assistant United States Attorney
3  California Bar No. 112520
   STEPHEN DA PONTE
4  Special Assistant United States Attorney
   Florida Bar No. 58454
5  Federal Office Building
   880 Front Street, Room 6293
6  San Diego, California 92101-8893
   Telephone: (619) 546-7976
7  Email: Melanie.Pierson@usdoj.gov
   Email: Stephen.DaPonte@usdoj.gov
8
   Attorneys for United States of America
9

10              UNITED STATES DISTRICT COURT

11             SOUTHERN DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          Case No.   22-cr-02607-TWR

13            Plaintiff,

14       v.                            PLEA AGREEMENT

15  INTEGRAL HYGIENIC SOLUTIONS,
    INC. (1)
16
            Defendant.
17

18       IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

19  AMERICA, through its counsel, Randy S. Grossman, United States Attorney,

20  Melanie K. Pierson, Assistant United States Attorney, and Stephen Da

21  Ponte, Special Assistant United States Attorney, and Defendant INTEGRAL

22  HYGIENIC SOLUTIONS, INC., doing business as "TruClean," with the advice

23  and consent of Evynn M. Overton and Alyse I. Constandinide, counsel for

24  Defendant, as follows:

25                              I

26                           THE PLEA

27       Defendant agrees to waive Indictment and plead guilty to Counts 1

28  and 2 of an Information charging Defendant with:

Plea Agreement                              Def. Initials _RJ_

Count One:

*Knowingly transmitting a writing by means of interstate wire for the purpose of executing a scheme or plan to obtain money by means of false or fraudulent pretenses, representations, or promises, between on or about September 9, 2018, and August 28, 2020, within the Southern District of California, in violation of 18 U.S.C. §§ 1343 and 2.*

Count Two:

*Being a person who distributes or sells pesticides, knowingly violates a provision of Subchapter II of Chapter 6 of Title 7, United States Code (the Federal Insecticide, Fungicide and Rodenticide Act), that is, by distributing and selling an unregistered pesticide, in violation of 7 U.S.C. §§ 136j(a)(1)(A) and (E), between on or about September 9, 2018 to August 28, 2020, within the Southern District of California, a misdemeanor, in violation of 7 U.S.C. §§ 136j(a)(1)(A) and (E) and 136l(b)(1)(B) and 18 U.S.C. §2.*

The Government agrees to (1) defer any other charges based on sales of TruClean products between September 9, 2018, and August 28, 2020, and (2) not prosecute Defendant thereafter on such deferred charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

This plea agreement is part of a "package" disposition as set forth in Section VI.E below

## II

### NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty have the following elements:

Count One:

1.   An employee of the defendant, acting within the scope of the employment for the benefit of the company, knowingly participated in or

1  devised a scheme or plan for obtaining money or property by means of
2  false or fraudulent pretenses, representations, or promises;

3      2.    The statements made or omitted facts as part of the scheme
4  were material, that is they had a natural tendency to influence, or
5  were capable of influencing, a person to part with money or property;

6      3.    The employee of the defendant, acting within the scope of
7  the employment for the benefit of the company acted with the intent to
8  defraud; that is, the intent to deceive and cheat; and

9      4. The employee, acting within the scope of employment for the
10  benefit of the company, used or caused to be used wire communications
11  in interstate commerce to carry out or attempt to carry out an essential
12  part of the scheme.

13      Count Two:

14      1.    An employee of the defendant, acting within the scope of the
15  employment for the benefit of the company, knowingly sold and
16  distributed a product in interstate commerce;

17      2.    The product was a pesticide;

18      3.    The product was not registered as a pesticide with the U.S.
19  Environmental Protection Agency (EPA); and

20      4.    The employee of the defendant, acting within the scope of the
21  employment for the benefit of the company, knew that the product was a
22  pesticide that did not bear its EPA registration number on the label
23  and was not registered with the U.S. EPA.

24      B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

25      Defendant has fully discussed the facts of this case with defense
26  counsel. Defendant has committed each element of the crime and admits

27

28

Plea Agreement                          3                    Def. Initials 𝓡𝓢𝓙

that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. At all times relevant herein, Ray Louis Smith Jr. and Ramont Joseph Smith were owners and managers of Integral Hygienic Solutions, Inc., doing business as "TruClean", a company located in San Diego, California.

2. Ray Louis Smith Jr. and Ramont Joseph Smith, as part of TruClean's management team in San Diego, entered into an agreement with a Connecticut company whereby TruClean became the west coast distributor and applicator of certain chemical products produced by the Connecticut company.

3. In early 2020, Ray Louis Smith Jr. and Ramont Joseph Smith, as part of TruClean's management team in San Diego, decided to put TruClean's own labels on bottles of chemical products purchased from the Connecticut chemical company. Ray Louis Smith Jr., Ramont Joseph Smith, and TruClean then marketed, sold, and distributed the newly re-labeled products as providing year-long protection against infection from viruses, including the virus that causes Covid-19, on its social media pages and its website, truclean365.com.

4. A June 23, 2020, video posted online by TruClean employees depicted spraying inside a business facility with accompanying text that stated: "TruClean's Microorganism Remediation & Control services kills 99.999% of viruses and bacteria on all walls, floors,

furnishings, and equipment and inhibits the growth of bacteria, mold and mildew for up to a year. Our surface protectant creates an invisible, self-cleaning barrier on all surfaces it is applied to and eliminates pathogens 24/7/365 even after it dries…."

5. Products represented to kill viruses in the environment are regulated by the U.S. EPA as pesticides, pursuant to Title 7, United States Code, Section 136a. None of the products sold under the TruClean name were registered by the EPA, as required by law.

6. On or about April 22, 2020, TruClean's Operations Manager, located in San Diego, California, sent an email to a prospective customer in Powhattan, Kansas. This email included TruClean marketing material which contained several false and fraudulent representations designed to induce the potential customer into buying TruClean products. The false statements included representations that "The EPA has validated the 1 year claim through rigorous testing…." and "TruClean365 has been submitted to the antimicrobials division at EPA and is being tested against new protocols being developed for new products as these." These false statements could and did induce customers to purchase the TruClean product.

7. On or about June 22, 2020, an order was placed by an undercover agent to TruClean's website, truclean365.com, where payment was also made, for TruClean product. A

package was then prepared and placed in the U.S. Mail addressed to an undercover post office box used by the EPA in Los Angeles, CA.  That package, when opened upon delivery, contained two 32-ounce bottles of the TruClean product "TruClean 90".  As the employees of the defendant were aware, the labeling of the product: 1) did not bear the required EPA pesticide registration number; 2) did not contain the required ingredient statement, and 3) bore an EPA establishment number of a facility that was not registered to produce a product labeled as TruClean 90. The product was, in fact, not registered with the U.S. EPA. Pesticides that are unregistered may not be sold or distributed in the United States.

8.   The parties agree that defendants Ray Louis Smith Jr., Ramont Joseph Smith, and TruClean received $823,337.60 in gross proceeds from the offense.

### III

### PENALTIES

The crime in Count 1 to which Defendant is pleading guilty carries the following penalties:

A.   a maximum five years of probation for an organization;

B.   a fine which is the greater of $500,000 or twice the amount of gross gain or loss;

C.   a mandatory special assessment of $400 per count; and

D.   forfeiture of the property which constitutes or is derived from proceeds traceable to the violation;

E.   In addition, Defendant shall be subject to an order of restitution to victims of the offense and persons other than victims of the offense who Defendant agrees to pay requiring Defendant to repay such persons up to $900,000.

## IV
## DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses; and

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant.

## V
## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information.

1  Defendant will not attempt to withdraw the guilty plea or to file a

2  collateral attack based on the existence of this information.

3

4                                      VI

5          **DEFENDANT'S REPRESENTATION THAT GUILTY**
           **PLEA IS KNOWING AND VOLUNTARY**

6      Defendant represents that:

7      A.    Defendant has had a full opportunity to discuss all the facts
             and circumstances of this case with defense counsel and has
8            a clear understanding of the charges and the consequences of
             this plea. By pleading guilty, Defendant may be giving up,
9            and rendered ineligible to receive, valuable government
             benefits. The conviction in this case may subject Defendant
10           to various collateral consequences, including but not limited
             to revocation of probation in another case; debarment from
11           government contracting; and suspension or revocation of a
             professional license, none of which can serve as grounds to
12           withdraw Defendant's guilty plea.

13     B.    No one has made any promises or offered any rewards in return
             for this guilty plea, other than those contained in this
14           agreement or otherwise disclosed to the Court.

15     C.    No one has threatened Defendant or Defendant's agents,
             officers, or employees to induce this guilty plea.
16

17     D.    Defendant is pleading guilty because Defendant is guilty and
             for no other reason.

18     E.    The disposition contemplated by this agreement is part of a
             "package" disposition with codefendant(s) Ray Louis Smith Jr.
19           and Ramont Joseph Smith. If any defendant in the package fails
             to perform or breaches any part of their agreement, no
20           defendant can withdraw their guilty plea, but the Government
             is relieved from and not bound by any terms in any agreements
21           in the package.

22

23                                     VII

24         **AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE**
           **SOUTHERN DISTRICT OF CALIFORNIA**

25     This plea agreement is limited to the United States Attorney's

26  Office for the Southern District of California, and cannot bind any

27  other authorities in any type of matter, although the Government will

28

1  bring this plea agreement to the attention of other authorities if
2  requested by Defendant.

### VIII

### APPLICABILITY OF SENTENCING GUIDELINES

5      The sentence imposed will be based on the factors set forth in 18
6  U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must
7  consult the United States Sentencing Guidelines (Guidelines) and take
8  them into account. Defendant has discussed the Guidelines with defense
9  counsel and understands that the Guidelines are only advisory, not
10 mandatory. The Court may impose a sentence more severe or less severe
11 than otherwise applicable under the Guidelines, up to the maximum in
12 the statute of conviction. The sentence cannot be determined until a
13 presentence report is prepared by the U.S. Probation Office and defense
14 counsel and the Government have an opportunity to review and challenge
15 the presentence report. Nothing in this plea agreement limits the
16 Government's duty to provide complete and accurate facts to the district
17 court and the U.S. Probation Office.

### IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

20     This plea agreement is made pursuant to Federal Rule of Criminal
21 Procedure 11(c)(1)(B). The sentence is within the sole discretion of
22 the sentencing judge who may impose the maximum sentence provided by
23 statute. It is uncertain at this time what Defendant's sentence will
24 be. The Government has not made and will not make any representation
25 about what sentence Defendant will receive. Any estimate of the probable
26 sentence by defense counsel is not a promise and is not binding on the
27 Court. Any recommendation by the Government at sentencing also is not

28

Def. Initials RSJ

binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

x

## PARTIES' SENTENCING RECOMMENDATIONS

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| Base Offense Level | [§ 2B1.1(a)(1)] | 7 |
| Amount of Loss | [§ 2B1.1(b)(1)(H)] | +14 |
| 10 or more victims | [§ 2B1.1(b)(2)(A)] | +2 |

The parties further agree that the defendant has a culpability score of 4, as the company has fully cooperated in the investigation and clearly demonstrated acceptance of responsibility for the offense

B.    NO FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may not request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553.

C.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

//

D.   SPECIAL ASSESSMENT/FINE/RESTITUTION/FORFEITURE

    1.   Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $400.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

    2.   Fine

The parties agree that if the amount of restitution exceeds the available assets of the three defendants in this package deal, no fine will be recommended, in order that the defendants' limited assets can be applied to restitution. If sufficient assets are available, the Government will recommend a fine based on a disclosure of the defendant's available assets, but in no event greater than the low end of the Guideline range.

    3.   Restitution

The parties will jointly recommend that the defendant pay restitution, jointly and severally with co-defendants Ray Louis Smith Jr. and Ramont Joseph Smith, in the sum of $57,201.00 for the cost of disposal of the pesticides and up to $823,337.60 as repayment to victims requesting restitution who purchased TruClean products during the pandemic, for a potential total of approximately $880,538.60 to be paid in monthly installments as ordered by the court at the time of sentencing. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full

1   amount   of   the   restitution.   Defendant   further   agrees   that
2   notwithstanding any court ordered schedule for payment, the full amount
3   of restitution is due and payable forthwith and delinquent until paid
4   in full.

5        Defendant   agrees   that   the   restitution,   restitution   judgment,
6   payment provisions, and collection actions of this plea agreement are
7   intended to, and will, survive defendant, notwithstanding the abatement
8   of   any   underlying   criminal   conviction   after   the   execution   of   this
9   agreement.   Defendant   further   agrees   that   any   restitution   collected
10  and/or distributed will survive it, notwithstanding the abatement of
11  any underlying criminal conviction after execution of this agreement.

12       The restitution described above shall be paid through the Office
13  of the Clerk of the District Court by bank or cashier's check or money
14  order made payable to the "Clerk, United States District Court."

15       Further, the restitution described above shall be paid to or on
16  behalf of the following agency:

| Victim | Amount |
|---|---|
| NFC Collections Section | $57,201.00 |
| Attn: DOJ Restitution | |
| Re: FP&F 2020250100036801 | |
| P.O. Box 68907 | |
| Indianapolis, IN 46268. | |
| | |
| Customers Requesting Restitution | TBD |

E.   PROBATION

If the Court imposes a term of probation, Defendant will not seek
to reduce or terminate early the term of probation until Defendant has
served at least 2/3 of the term of probation and has fully paid and
satisfied any special assessments, fine, criminal forfeiture judgment,
and restitution judgment.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order up to $900,000. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are 1) Defendant may appeal a sentence of a fine above the high end of the guideline range recommended by the Government at sentencing, and 2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

      1.   Failing to plead guilty pursuant to this agreement;

2.   Failing to fully accept responsibility;

3.   Failing to appear in court;

4.   Attempting to withdraw the plea;

5.   Failing to abide by any court order related to this case;

6.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.   Engaging in additional criminal conduct from the time of arraignment until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by representatives of the Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are

admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

**XIV**

**DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

By signing this agreement, Defendant certifies that Defendant and all members of the defendant organization have read it. Defendant and all of the members of the defendant organization have discussed the terms of this agreement with defense counsel and fully understands its meaning and effect. The members of the defendant organization have fully discussed with counsel the possible conflicts of interest that might arise as a result of defense counsel representing both the defendant organization, Ray Louis Smith Jr., and Ramont Joseph Smith,

Def. Initials ℛℒℐ

1  and knowingly and intelligently waive any potential or actual conflicts

2  of interest.

3                                   XV

4              DEFENDANT SATISFIED WITH COUNSEL

5       The members of the defendant organization have consulted with

6  counsel and are satisfied with counsel's representation. This is

7  Defendant's independent opinion, and Defendant's counsel did not advise

8  Defendant about what to say in this regard.

9
                                    RANDY S. GROSSMAN
10                                  Acting United States Attorney

11    November 7, 2022            _Melanie K. Pierson_____
      DATED                        MELANIE K. PIERSON
12                                  Assistant U.S. Attorney

13    November 7, 2022            _Stephen A. Ponte_____
      DATED                        STEPHEN DA PONTE
14                                  Special Assistant U.S. Attorney

15
      November 7, 2022            _/S/ Evynn Overton_____
16    DATED                        EVYNN M. OVERTON
                                    Defense Counsel
17

18    _11/3/20222___              _/S/ Alyse Constantinide__
      DATED                        ALYSE I. CONSTANTIDINE
19                                  Defense Counsel

20

21  **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER
     PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE
22   ARE TRUE.**

23    _11 - 3 - 22___             _____
      DATED                        RAY SMITH
24                                  For Defendant INTEGRAL HYGIENIC
                                    SOLUTIONS, INC.
25

26

27

28

Plea Agreement                       16           Def. Initials _RSJ_